**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Deanglo Corbitt, Appellant.

Appellate Case No. 2022-000361

---

Appeal From Orangeburg County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2025-UP-235
Submitted May 1, 2025 – Filed July 16, 2025

---

**AFFIRMED**

---

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Special Assistant Attorney General Amie L. Clifford, both of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

---

**PER CURIAM:** Michael Deanglo Corbitt appeals his convictions for first-degree criminal sexual conduct (CSC), kidnapping, carjacking, and first-degree assault and battery and concurrent sentences of sixteen years' imprisonment for

first-degree CSC, kidnapping, and carjacking and ten years' imprisonment for first-degree assault and battery. On appeal, Corbitt argues the trial court erred by allowing a witness to testify beyond the scope of Rule 801(d)(1)(D) of the South Carolina Rules of Evidence, when the witness testified to more than the time and place of the incident. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by admitting the witness's testimony. *See State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *id*. at 429-30, 632 S.E.2d at 848 ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). The witness, a nurse who examined the victim, testified to statements made by the victim that detailed the time and place of the assaults; these statements were not hearsay pursuant to Rule 801(d)(1)(D). *See* Rule 801(d)(1)(D), SCRE ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . consistent with the declarant's testimony in a criminal sexual conduct case or attempted criminal sexual conduct case where the declarant is the alleged victim and the statement is limited to the time and place of the incident."). Although the witness testified to statements made by the victim that went beyond the time and place of the assaults, this information was necessary for the witness to perform a sexual assault exam and diagnose and treat the victim's injuries. Thus, this testimony was admissible as an exception to hearsay under Rule 803(4) of the South Carolina Rules of Evidence for the purpose of medical diagnosis or treatment. *See State v. Simmons*, 423 S.C. 552, 563, 816 S.E.2d 566, 572 (2018) ("[S]hould the proponent desire more information beyond the permissible 'time and place' evidence, a rule or statute must allow for the admission of the additional evidence."); Rule 803(4), SCRE (including "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" as admissible exceptions to hearsay).

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.